UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                               CASE NO.: 2:18-cr-178-FtM-38MRM

TRACY L. SUNDERLAGE
_____/

### **ORDER**[1]

Before the Court is Defendant Tracy L. Sunderlage's Motion to Terminate Home Detention as a Condition of Supervised Release (Doc. 43), and the Government's response in opposition (Doc. 45). For the below reasons, the Court denies the motion.

On March 18, 2019, the Court sentenced Defendant to one day time served and three years of supervised release for lying on a bankruptcy petition. (Doc. 39). This sentence included Defendant serving home detention for twenty-four months, which the Court would review after one year. (Doc. 39 at 5). Defendant now moves to end the home detention condition because he is seventy-four years old, suffers from numerous health conditions, and has complied with all terms of home detention. (Doc. 43). Because he is a high risk to COVID-19, he also says that he is sheltering at home regardless of home detention. He only leaves his home to attend doctors' appointments. Defendant thus argues that ending "home detention will eliminate an administrative burden on both United States Probation and [him]." (Doc. 43 at 3). Although Defendant's probation officer does not object to early termination, the Government does. (Doc. 45).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

A court has wide discretion to grant early termination of supervised release. *United States v. Reagan*, 162 F. App'x 912, 914 (11th Cir. 2006). In reviewing a motion for early termination under 18 U.S.C. § 3583(e)(1), the court considers the factors listed in 18 U.S.C. § 3553(a). Those factors include deterrence, need for the sentence imposed to reflect the seriousness of the offense, and the nature and circumstances of the offense.

After considering the record, parties' arguments, § 3553(a) factors, and other applicable law, the Court denies Defendant's motion. Defendant committed a crime of dishonesty that was associated with almost a half-million dollar loss. The presentence report calculated a twenty-four to thirty-month advisory guideline range. The Court elected to sentence the Defendant to home detention instead of incarceration because of his age and medical condition. Home detention has allowed Defendant to maintain his own medical care and doctors' appointments. And completing another nine months of home detention—although administratively inconvenient—will not impede his ability to obtain medical care. Finally, although Defendant has complied with all terms of home detention, he provides no facts to show exceptionally good behavior or other extraordinary circumstances to warrant an end to home detention. What is more, compliance with the Court's conditions is the minimum expectation. *See United States v. Reisner*, No. 4:06-cr-77, 2008 WL 3896010, at *1 (N.D. Fla. Aug. 20, 2008).

Accordingly, it is

**ORDERED:**

Defendant Tracy L. Sunderlage's Motion to Terminate Home Detention as a Condition of Supervised Release (Doc. 43) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on this 15th day of July 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record